UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAQUITA DISHMON, on behalf of herself and others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 3:23-CV-2708-B |
| § § | |
| NEWKIRK LOGISTICS, INC., § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Shaquita Dishmon's Motion for Default Judgment (Doc. 19). For the reasons provided below, the Motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

This is an overtime compensation dispute brought under the Fair Labor Standards Act ("FLSA" or the "Act"). Newkirk Logistics, Inc. ("Newkirk") is a logistics company that employed Dishmon as a last-mile delivery driver from August 17, 2022, through July 18, 2023. Doc. 1, Compl. ¶¶ 15, 22. On a given workday, Newkirk scheduled Dishmon to work "at least 10 hours" and regularly asked her to complete additional tasks outside of her scheduled shift's hours. Doc. 19-1, Decl. Dishmon ¶ 7. Regardless of how many hours she worked, Newkirk paid Dishmon a fixed daily rate. Doc. 1, Compl. ¶ 29. Thus, throughout her period of employment, Dishmon worked over 40 hours per week, Doc. 19-1, Decl. Dishmon ¶ 10, without receiving any additional compensation to reflect overtime, Doc. 1, Compl. ¶ 31.

Dishmon claims Newkirk misclassified her as an independent contractor when she was in fact an employee entitled to the protections of the FLSA—including the Act's overtime compensation requirements. *Id.* ¶¶ 3, 5-6. Newkirk instructed and trained Dishmon throughout her employment, set her work schedule, and required her to begin and end work at its facilities. *Id.* ¶¶ 32-33, 37, 39.

In December 2023, Dishmon filed her Complaint, alleging that Newkirk violated the FLSA by failing to pay overtime compensation. *See id.* ¶ 66. Dishmon also sought an FLSA collective action, alleging that Newkirk similarly failed to pay overtime compensation to its other delivery drivers. *See id.* ¶¶ 51-59, 66. Dishmon seeks (for herself and other similarly situated individuals) all unpaid overtime wages for the three-year period preceding the filing of the Complaint, as well as liquidated damages, attorney's fees and costs, and post-judgment interest. *Id.* ¶ 68.

Dishmon served process on Newkirk in April 2024. *See* Doc. 6, Aff. Service, 1. Also in April 2024, Dishmon informed the Court that four additional ex-Newkirk employees opted into the action: Jason Pratt, Jeramie R. Gaines, Reginald D. Deloney, and Steven E. Williams (collectively referred to as "Opt-In Plaintiffs"). *See* Doc. 7, Notice, 1. Newkirk failed to answer or otherwise respond to the Complaint, and in September 2024, the Clerk of Court entered default. *See* Doc. 13, Entry Default. In May 2025, Dishmon filed its Motion for Default Judgment. *See generally* Doc. 19, Mot. The Court considers that Motion below.

## II.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, upon motion of the plaintiff, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend against the relief sought. FED. R. CIV. P. 55(a), (b)(2). That being said, "[d]efault

judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes and citations omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citation omitted). Instead, "default judgment is committed to the discretion of the district court." *Chevron Intell. Prop., L.L.C. v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *2 (N.D. Tex. Aug. 24, 2009) (O'Connor, J.) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (Boyle, J.) (citation omitted). First, courts consider whether the entry of a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." (citations omitted)). "Third, courts determine what form of relief, if any, the plaintiff should receive." *Morelia Mexican*, 126 F. Supp. 3d at 813 (citation omitted).

### III.

### ANALYSIS

The Court concludes that default judgment against Newkirk is procedurally warranted. However, the Complaint lacks a sufficient factual basis for entry of judgment as to Opt-In Plaintiffs.

Accordingly, neither Dishmon nor Opt-In Plaintiffs are currently entitled to a default judgment against Newkirk.

A.   *An Entry of Default Judgment Is Procedurally Warranted.*

To determine whether default judgment is procedurally warranted, the Court considers a list of factors set forth by the Fifth Circuit, known as the *Lindsey* factors:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (citation omitted).

After applying the six *Lindsey* factors to Dishmon's Motion, the Court determines that default judgment is procedurally warranted. First, Newkirk has not filed any responsive pleading, so there are no material facts in dispute. *See id.*; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, Newkirk's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Dishmon's and Opt-In Plaintiffs'] interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893) (other citation omitted). Third, the grounds for default are clearly established because Newkirk has had nearly two years to respond to the Complaint and over seven months to respond to the present Motion or provide an explanation for its delay. *Cf. Ann Best Elite Temporaries, Inc. v. KNR Grp., Inc.*, 216 F.3d 1080 (5th Cir. 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Newkirk's silence is the result of a "good faith

mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Dishmon and Opt-In Plaintiffs seek only the relief the law provides them, and "the Court is aware of no applicable defense." *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (Lynn, J.) (citation omitted). Sixth, and finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Newkirk. *Lindsey*, 161 F.3d at 893 (quoting FED. R. CIV. P. 55(c)). Therefore, the Court concludes that default judgment is procedurally warranted.

B. *There is Not a Sufficient Basis for Judgment in the Pleadings.*

Next, the Court must review the pleadings to determine whether Dishmon and Opt-In Plaintiffs have established a viable claim for relief. *See Nishimatsu Constr.*, 515 F.2d at 1206. In doing this, the Court assumes that, due to its default, Newkirk admits all well-pleaded facts in the Complaint. *Id.* But a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

In conducting this portion of the analysis, "the Fifth Circuit looks to [Federal Rule of Civil Procedure 8] case law for guidance." *Morales v. Rausch Grp. & Assocs., LLC*, No. 3:19-CV-2850-B, 2020 WL 6583023, at *3 (N.D. Tex. Nov. 10, 2020) (Boyle, J.) (citation omitted). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (citation omitted). But "the pleading must present 'more than an unadorned, the-

defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Dishmon alleges that Newkirk violated the FSLA by failing to pay overtime compensation, and she seeks a default judgment from the Court that she and Opt-In Plaintiffs are entitled to those payments. *See* Compl. ¶ 66. Although FLSA suits may be brought as collective actions, "courts have expressed concern about whether opt-in plaintiffs are entitled to default judgment *on a complaint in which they are not named* but where the intent to proceed as a collective action is clear." *Hendrickson v. Hall*, No. 3:22-CV-2930-S-BN, 2023 WL 8000293, at *4 (N.D. Tex. Sept. 29, 2023) (Horan, Mag. J.) (emphasis added) (citing *Rodney v. Digit. Media, Inc.*, No. 1:18-CV-1644-MHC, 2019 WL 5106277, at *3 (N.D. Ga. June 11, 2019)). In such cases, where no collective action was first certified, "most courts conclude that plaintiffs should first amend the complaint to add the opt-in plaintiffs as named plaintiffs and should serve the amended complaint on defendants to afford them the chance to respond." *Id.* (collecting cases); *Stafford v. Psychiatric Servs. of E. Tenn., LLC*, No. 3:23-CV-209-CLC-JEM, 2024 WL 4709982, at *2-3 (E.D. Tenn. Nov. 7, 2024) (finding the pleadings did not support entering default judgment where the FLSA case had "never been certified as a collective action" and there were no facts about the opt-in plaintiff that could be deemed admitted by the defendant), *report and recommendation adopted*, No. 3:23-CV-209, 2024 WL 4899995 (E.D. Tenn. Nov. 26, 2024).

Opt-in plaintiffs cannot rely on declarations submitted with a motion for default judgment in lieu of well-pleaded allegations in a complaint. *Hendrickson*, 2023 WL 8000293, at *4 (finding it "is not enough" for an opt-in plaintiff to instead "attach declarations to the motion for default judgment" to add facts that they could have presented in the complaint); *Prentice v. Transcend DVentures*, No. 1:23-CV-10011, 2023 WL 8313282, at *3 (E.D. Mich. Dec. 1, 2023) (denying motion

for default judgment that included "declarations of each opt-in plaintiff in which they each detail when [the defendant] did not pay them, the hours they worked during that time period, and their compensation rate" because "there [were] no well-pleaded allegations as to those [opt-in] Plaintiffs that [could] be deemed as admitted by Defendants" in the complaint (citation modified)); *see also James v. Claiborne*, No. CIV.A. 07-1570, 2009 WL 994951, at *4-5 (W.D. La. Apr. 13, 2009) (finding that even conditional certification of an FLSA collective action was insufficient to entitle opt-in plaintiffs to default judgment where their claims were never added in an amended complaint).

"When the pleadings support default judgment for the named plaintiff but not the opt-in plaintiffs, courts have declined to grant default judgment in favor of only the named plaintiff." *Hendrickson*, 2023 WL 8000293, at *4 (citation omitted); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474 (ENV) (PK), 2017 WL 1365121, at *6 (E.D.N.Y. Mar. 10, 2017) ("When courts have denied motions for default judgment by FLSA opt-in plaintiffs and allowed for amendment of the complaint, those court have also deferred granting default judgment to the original defendant until after the opt-in plaintiffs are formally joined and the defendants have been duly served with the amended complaint."). This is because a named plaintiff, in seeking default judgment for herself and for opt-in plaintiffs, demonstrates her continued intent to proceed collectively. *See Hendrickson*, 2023 WL 8000293, at *4; *Rodney*, 2019 WL 5106277, at *4; *Tejada v. La Selecta Bakery, Inc.*, No. 17CV5882CBARER, 2019 WL 2343909, at *3 (E.D.N.Y. May 1, 2019) ("[A]n abundance of caution is warranted because there is no evidence that the Named Plaintiffs now intend the case to proceed on an individual basis; to the contrary, they seek default judgment both for themselves and the Opt-in Plaintiffs."), *report and recommendation adopted*, No. 17CV5882CBARER, 2019 WL 2341680 (E.D.N.Y. June 3, 2019).

Here, Dishmon seeks default judgment for her own claim as well as the claims of all Opt-In Plaintiffs. *See* Doc. 19, Mot. ¶¶ 10-14. While Opt-In Plaintiffs provided the Court with their written consent, *see* Doc. 7, Notice, 1, and attached declarations to the Motion, *see, e.g.*, Doc. 19-3, Decl. Pratt, 1, they are not named plaintiffs in the Complaint. Dishmon has not sought to amend the Complaint to add Opt-In Plaintiffs as parties. Nor has Dishmon sought collective action certification from the Court. Accordingly, the Complaint lacks factual allegations to support each Opt-In Plaintiff's respective claim, and the Court cannot grant default judgment in their favor at this time. *See Hendrickson*, 2023 WL 8000293, at *4. Furthermore, because the Court cannot grant default judgment for Opt-In Plaintiffs, and Dishmon chose to proceed by collective action, the Court declines to enter default judgment for Dishmon. *See id.*

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Dishmon's Motion for Default Judgment (Doc. 19) **WITHOUT PREJUDICE**. Dishmon has **21 days** from the date of this order to amend her complaint to add Opt-In Plaintiffs as named plaintiffs. If Dishmon chooses to file an amended complaint, she must serve Newkirk with the amended complaint within **21 days** of filing.

**SO ORDERED.**

**SIGNED: January 29, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE